# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

```
FILED: JULY 22, 2008
08CV4163
JUDGE MANNING
MAGISTRATE JUDGE KEYS
TC
```

Jacob Plaza
2490 Dickens Dr.
Aurora, IL 60503

      Plaintiff,

v.

Sentry Credit, Inc
c/o CT Corporation System, Registered Agent
208 S LaSalle St, Suite 814
Chicago, IL 60604

      Defendant.

CASE NO.:

JUDGE:

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around early February 2008, during a telephone communication, Plaintiff notified Defendant that Plaintiff had retained an attorney for bankruptcy and provided the law firm's contact information.

10. Between February 2008 and March 2008, Defendant telephoned Plaintiff's father's ("Father) residence on numerous occasions in an effort to collect the debt, despite already having Plaintiff's location information.

11. During several of these communications, Father informed Defendant that Plaintiff did not reside with Father and could not be reached via Father's telephone number, but Defendant continued to call.

12. In or around March 2008, Plaintiff telephoned Defendant in response to the above referenced communications with Father.

13. During this communication, Plaintiff requested that Defendant cease communications to Father regarding the debt.

14. During this communication, Defendant stated that Defendant would continue to contact Father until the debt was satisfied.

15. During this communication, Plaintiff reiterated that Plaintiff had an attorney for bankruptcy and again provided the law firm's contact information.

16. Despite Plaintiff's and Father's requests, Defendant continued to telephone Father throughout April 2008.

17. Defendant's repeated telephone calls to Father forced Plaintiff to discuss the debt with Father.

18. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT FIVE

### Invasion of Privacy by Intrusion upon Seclusion

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

30. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

31. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

32. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

33. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

4

b.  Judgment, in an amount to be determined at trial, against Defendant for the

Invasion of Privacy by Intrusion upon Seclusion.

c.  For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Email:  tjs@legalhelpers.com
    Attorneys for Plaintiff